**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jeffrey Thompson, | ) | No. CV 07-8163-PCT-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Saint-Gobain Abrasives, Inc., | ) ) ) | |
| Defendant. | ) ) | |
| | ) ) | |

In a notice of removal, to establish federal subject matter jurisdiction, Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)) ("Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In this case, the notice of removal contains a conclusory allegation that the amount in controversy exceeds $75,000. *See also Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("a conclusory allegation neither overcomes the strong presumption against removal

1  jurisdiction, nor satisfies the defendant's burden of setting forth, in the removal petition

2  itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds the

3  applicable dollar value.") (internal quotations omitted)).  Therefore,

4  **IT IS ORDERED** that on February 4, 2008, at 10:15 a.m., Defendant shall appear and

5  show cause why this case should not be remanded to state court.

6  DATED this 8th day of January, 2008.

7

8  _____

9  James A. Teilborg
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28