**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Thompson, ) | No. CV 07-8163-PCT-JAT |
| ) Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Saint-Gobain Abrasives, Inc., ) | |
| ) Defendant. ) | |
| ) | |

Pending before the Court are Defendant's Motion to Strike Plaintiff's Jury Demand and Plaintiff's Motion for Jury Trial. The parties have fully briefed these motions.[1] For the following reasons, the Court will grant Defendant's motion and will deny Plaintiff's motion.

**I.    Background**

This action was originally filed in Arizona state court. Defendant removed the action to federal court on December 18, 2007, and filed its Answer on December 27, 2007. After not filing a jury demand in state court, Plaintiff did not file a jury demand in federal court until May 2, 2008—more than four months after Defendant filed its Answer, and more than

---

[1] The oral argument scheduled for July 24, 2008 is vacated because it would not have aided the Court's decisional process. The parties have adequately briefed the issues raised by the motions in their memoranda of law. *See, e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1  two months after Plaintiff represented to this Court that he was considering filing a motion
2  for a jury trial under Federal Rule of Civil Procedure 39(b).

3  **II.     Discussion**

4        Because this case was removed from Arizona state court, the timeliness of Plaintiff's
5  jury demand is governed by Federal Rule of Civil Procedure 81(c).  Conceding that his jury
6  demand was untimely under any other portion of Rule 81(c), Plaintiff argues that his demand
7  was timely under that portion of the rule that provides: "If the state law did not require an
8  express demand for a jury trial, a party need not make one after removal unless the court
9  orders the parties to do so within a specified time."  Plaintiff argues that this provision
10 applies here because, although Arizona law does concededly require an express demand, it
11 did not require him to make that demand before Defendant removed the case.  Plaintiff
12 misapprehends the narrow applicability of this provision.

13       As the Advisory Committee Note to the 1963 amendment to Rule 81(c) makes clear,
14 the Rule 81(c) provision at issue only applies in the narrow instance where a party is "entitled
15 to" a jury trial under the applicable state law "without making an express demand."  In other
16 words, if the applicable state law requires a party to file a jury demand to secure the right to
17 trial by jury, then the Rule 81(c) provision is inapplicable, regardless of *when* the demand
18 must be filed.  *See also Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983)
19 (stating that the exception only applies when "the state from which the case is removed acts
20 on the presumption that the parties desire a jury unless they affirmatively indicate
21 otherwise"); *Ramey v. Gordon Trucking, Inc.*, 2007 WL 1576002, at *1 (D. Ariz. May 30,
22 2007) ("The Rule 81(c) exception . . . is very narrow in that it dispenses with the jury demand
23 only when the case would have been automatically set for a jury trial under the forum state's
24 law without a jury demand.").  Under Arizona law, as conceded by Plaintiff, the right to a
25 jury trial is waived unless a proper demand is made.  See Ariz. R. Civ. P. 38(d).  Thus, the
26 Rule 81(c) exception is inapplicable to this case, and Plaintiff has waived his right to a jury
27 trial as a matter of law.  Accordingly, the Court will grant Defendant's motion to strike the
28 jury demand.

1      Plaintiff next argues that despite his waiver of the right to a jury trial, the Court
2 nevertheless retains the discretion to grant him a jury trial pursuant to Federal Rule of Civil
3 Procedure 39(b).  The Court disagrees.  "In the Ninth Circuit, unlike in some other circuits,
4 a district court's discretion under Rule 39(b) to permit an untimely jury demand 'is narrow
5 . . . and does not permit a court to grant relief when the failure to make a timely demand
6 results from oversight or inadvertence.'"  *Ramey*, 2007 WL 1576002 at *1 (quoting *Lewis*
7 *v. Time, Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983)).  Plaintiff does not even attempt to argue
8 that his failure to file a timely jury demand resulted from anything other than oversight and
9 inadvertence.  Instead, Plaintiff argues at length that *Lewis* was wrongly decided and that
10 courts have the discretion under Rule 39(b) to grant a jury trial even when the untimely jury
11 demand was the result of oversight or inadvertence.  Although the Court finds these
12 arguments persuasive, this Court does not have the authority to overrule *Lewis* and is bound
13 by this Ninth Circuit precedent.  Plaintiff has preserved these arguments for any future
14 appeal.
15      Accordingly,
16      **IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Jury Demand (Doc.
17 # 21) is **GRANTED**;
18      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Trial (Doc. # 22) is
19 **DENIED**.
20      DATED this 8th day of July, 2008.

James A. Teilborg
United States District Judge